UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Michael L. Rimschneider,

    Plaintiff,

        v.

Kathy Griffin, et al.,

    Defendants.

Case No. 3:16-CV-415 JVB

**OPINION AND ORDER**

Plaintiff Michael L. Rimschneider, a pro se prisoner, filed this lawsuit alleging that he was incorrectly found guilty of possessing a controlled substance after he was found with factory sealed jars of spices that he bought from commissary. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rimschneider is asking for monetary damages and to have his spices tested. Though he is not asking to overturn the prison disciplinary proceeding where he lost 90 days earned credit time, prevailing in this case would undermine the validity of that finding of guilt. Therefore, he cannot proceed with these claims until after the prison disciplinary proceeding is otherwise overturned or set aside. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). That cannot happen in this case because "habeas corpus is the exclusive remedy for a state prisoner who challenges

1

the fact or duration of his confinement and seeks immediate or speedier release . . ..." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Therefore this case must be dismissed without prejudice. If Rimschneider wants to file a habeas corpus petition challenging that prison disciplinary proceeding, he can obtain a copy of this court's approved form for filing such a case from the prison law library. If he is able to have that case overturned, then he can refile these claims. Until then, these claims are not yet ripe.

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED on July 14, 2016.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE